We'll hear an argument next this morning in Case 10-1195, Mims v. Arrow Financial Services. Mr. Nelson. Mr. Chief Justice, and may it please the Court, The Federal Question Jurisdiction Statute, 28 U.S.C. Section 1331, broadly grants Federal courts jurisdiction over all actions arising under Federal law, unless Congress has provided other words. That grant of jurisdiction encompasses rights of action that are created and governed by substantive Federal law. The Telephone Consumer Protection Act sets forth such a right of action. It provides detailed substantive standards, and it grants a private right of action to recover for their violation. The TCPA permits that action to be filed in a State court if State court allows such actions, but it says nothing one way or another about whether the action may also be filed in Federal court. Mr. Nelson, do you think that there is a clear statement rule that applies when Congress attempts to divest a Federal court of jurisdiction over claims of this kind? Well, sometimes the Court has talked about clear statement rules in terms like Congress must make unmistakably plain. I'm not sure it rises to that level, but what the Court has said is that jurisdiction granted by statute exists unless Congress has affirmatively displaced it, and that the Court is unwilling to defeat jurisdiction by mere implication. So I think it may be something a little less than what this Court has sometimes referred to as a clear statement rule, but it is a requirement that Congress act. Do you have anything more than implication here? No, there's not even implication here, Justice Scalia. There's really nothing at all. You'd have the same private right of action that could be brought in State court without subsection 5 at all, right? I think that's very likely, Your Honor. I mean, under Taflin and going back to over a century ago in Claflin, there's a presumption that concurrent jurisdiction over a transitory cause of action created by Federal law exists in State courts. But as the Court pointed out in Taflin, that presumption has sometimes, as in the antitrust cases, been found to have been displaced by implication from Federal policy. What is the basis? You assert that you could bring this, bring a Federal cause of action in Federal court. Pardon me? You think that you can bring the Federal cause of action in Federal court. Yes. What is the basis for, putting aside jurisdiction, what is the basis for the Federal cause of action? Oh, you mean the existence of the cause of action at all? Yes. I mean, the – you know, what this Court has, I think, said in its interpretation of statutes is that where a statute creates a right of recovery from A to B in a court under circumstances Y, that is a right of action. Well, we've made – we said that 40 years ago. More recently, we've said that Congress must be fairly express in creating a private cause of action. And my concern is, if you put it against that context, that our cases require fairly direct evidence, express evidence, that Congress meant to give a private right of action, in that context, the existence of an express State cause of action or Federal cause of action that can only be brought in State court, the implication that there isn't one that can be brought on its own in Federal court is fairly strong. Well, I think that's not correct. I think, Your Honor, that that is actually confusing the concept of whether there's a right of action, which is a substantive right of recovery that can be pursued in a court, and the question of jurisdiction, which is in what court may that be brought. Well, that – I understand that proposition. Assuming that distinction is correct and that there is no freestanding Federal cause of action, well, what good does having Federal jurisdiction give you? Well, because I take it that at that point, everybody can immediately, defendants can remove – cross that off. What benefit do you have if, as soon as you file your action, everybody says congratulations, you have Federal jurisdiction and you're kicked out of court because you have no cause of action? Well, what I'm saying, Your Honor, is that it is not, in fact, the case that there's no right of action. No, no, I know. I'm assuming that we don't see a cause of action. If there were no right of action that is available somehow in Federal court, then, of course, it does no good to be in Federal court. But that's not how the court has treated rights of action. Limitations on the court in which a right of action can be brought are not part of the right of action. They're matters of jurisdiction. Can Congress create a cause of action that does not arise under Federal law? No, I don't really think it can. Congress doesn't have the power to enact State law. So if Congress creates a cause of action and establishes a Federal law that governs it, that is necessarily a cause of action that arises under Federal law. And there's no dispute that there is a cause of action here that was created by Congress. Isn't that right? Yes, that's correct. I mean, you know, this is not an implied right of action. It's an express right of action. Congress said in 227b3 that if this right is violated, you can recover X amount, $500 per violation, or up to three times that much in the case of a willful violation. And the question is simply whether by saying that it may be filed in State court, the court has the Congress has displaced the jurisdiction that would otherwise be available. So the basic reason seemed to me that it might mean it may, and following up on the Chief Justice here who withdrew this interesting part of his question, the Congress seemed to want to have ordinary people be able to go into small claims court in a State and bring an action from $500 because they were pestered by these salesmen on the phone in violation of the Act. Now, if you're right, they could go into Federal court, but so could the defense. And so any case they bring in small claims court, I guess, could be removed, couldn't it? How is that? Am I right about that? It's theoretically possible that it could be removed, Justice Breyer. Well, why wouldn't they? I mean, you know, if they're really pests, I mean, not saying they're all pests, some might be, but if they're pests and they want to drag it out, what they do is they just remove it from small claims court. They tell their lawyer, remove everything, remove everything. And so what was Congress's objective, seemingly to provide a simple, clear, easy thing for the average American to do when he's pestered, suddenly becomes a major legal problem since the defense lawyer is instructed, remove every case to Federal court. Now, that's something that's bothering me, so I'd like to know what your response is. Yes, Justice Breyer. There are several parts to the answer. The first is that the strategy itself is self-defeating. If you have a $500 claim being brought by an individual in a small claims court, to pay a lawyer, to pay the filing fee, to remove it. Oh, it's not self-defeating because we keep it up and the word will get around. And in your case, by the way, anyone doubts it before he even filed. Well, one of the things that will be instruct our salesman to say is if you sue us, we're going to remove it. You know, there are many ways of it getting around. Well, Justice Breyer, to begin with, I want to stay on this one before I go on to the next one. The reason that that strategy doesn't really work with respect to individual plaintiffs filing in small claims court is they're not necessarily, in fact, they're most likely not going to be repeat players. So they don't have any real way to find out about it. Absent the telemarketer telling them in the phone call that you have a right of access, which is even more obvious. Kennedy, I'm not sure I'm understanding your answer, because I have one of the same problems as Justice Breyer. The design of this statute, from what I can infer, what the congressional intent was, is for an individual person to be able to go into small claims court. And the defendant will usually be the telephone company that wants to remove it to Federal court. And as Justice Breyer said, instruct the attorneys, always go to Federal court. The word will get out. And you're saying, oh, don't worry about that, that won't happen. That will happen. That's exactly what's going to happen. Justice Kennedy, I think that word getting out is very unlikely to happen if you're talking about the individual under counsel in those small claims courts. Whether the word gets out or not, they will all go to Federal court. But, and I don't think that's the case. Ginsburg, do we have any information on the – I mean, there are small claims brought in State court. Is there any practice of removing $500 claims and paying much more than the $500 that's at stake? No, no, Justice Ginsburg, and that was the second part of the question. Is there any reason to think before you brought this suit that people thought they could remove it to Federal court? In fact, in the Seventh Circuit, defendants have been aware for the past 6 years, I believe, that they can remove these claims to Federal court. And the ones that have been removed are large class actions. In this case, could this case have been brought in a small claims court? Where does it come from? It comes from Florida, Your Honor. It could not have been brought in small claims court for two reasons. The complaint on its face alleges 12 calls and more, and at the $1,500 treble, the 500 treble, that would far exceed the $5,000 jurisdictional limit of a Florida small claims court. The action also seeks injunctive relief, which is not. Breyer, aside from the individual ones, what's actually worrying me, which I've tried to bring out, is I'm pretty certain Congress in this statute was trying to protect the average person who can't afford a lawyer, who is pestered with these calls. That's their object. And I can think that if you can bring this suit in Federal court, so can the defendants. And therefore, I think, gee, I'm not so sure about this. They don't gain much advantage, the plaintiffs, by being able to go into Federal court, and there could be some advantage on the defense side to making things more complex, raising legal fees, okay? So that's where I am at this moment. Now, I'm asking you this because I would like your best answer to disabuse me of this notion which cuts against your case. Well, I think the further thing that cuts against it, Justice Breyer, is you've received three amicus briefs on the other side from people who participate in the industry. And what they all say repeatedly is that there are tremendous benefits to both plaintiffs and defendants to being in small claims court in the truly small claims. The defendant, you know, it's the defendant that's going to be racking up the legal fees, not the pro se small claims plaintiff. Why is that? Wouldn't the – I think you're fighting Justice Breyer's hypothetical. Wouldn't the – I can imagine if you've got a, you know, small claim type case, because you've got one of these calls, and the first thing you get is the notice of removal and this. I mean, you're going to say, forget about it. I'm not going to hire a lawyer, right? I mean, the idea is they would drop it right away. Well, I mean, the experience is, I think, and there's an interesting article in it, in a publication called the Consumer Finance Law Quarterly Report from the spring of 2002 called Defending TCPA Actions in San Diego's Small Claims Court. And there are some repeat players on the plaintiff's side in small claims court. And the advice that the author gives is, whatever you do, don't try to escalate with those people. Don't even remove it up to the State court of general jurisdiction, because you're just going to find yourself in a morass. It's going to cost you, the defendant, much more money to move this claim out of small claims court. Ginsburg. Could these claims be brought in State court as class actions? Well, that depends, Justice Ginsburg, on the State. As the Court probably may recall, in the State of New York, you probably couldn't bring this action as a class action because of a law. But you could remove it to the Federal court and then you could. Right. In Federal court, I think that although there's actually some disagreement among the courts of appeals on this point between the Second and Third Circuits over whether State procedural law would apply in Federal court, we think the best answer is Federal procedural law applies when the claim is brought in Federal court. Then in some States, there's been a recent decision in New Jersey where a New Jersey court said that a class action was not superior. But it's up to the State. It's up to the State. It's brought in State court. But Congress said you bring it according to your law and your rules of procedure. So the State could make it. Congress may have been interested in the small claims court, but it certainly didn't limit the States to bringing to putting these claims in small claims court. No. And in fact, number one, it probably couldn't. Number two, the statute creates rights to recovery and a right to injunctive relief. That's actually the first listed claim for relief that the private right of action gives you. That is, injunctive relief claims are virtually by definition beyond the scope of jurisdiction of small claims court. So it created a right of action that in some instances would be appropriate for small claims court. And I think the incentives are that those that are really, truly small claims court matters, they'll be brought there, they'll stay there. Those that are not, cases where it's worth litigating in Federal court or worth litigating in a State court of general jurisdiction, and claims that may be possibly suitable for class action status, will be brought in other types of courts. Kagan Mr. Nelson, it's an odd provision, this little clause, if otherwise permitted by the laws of a court of a State. What is your account of that provision and what it's doing here? Nelson Well, I think what it does is principally it displaces what would otherwise be the rule of test of the cat that a State court would. Kagan And why did Congress want to do that? I mean, you would think, and this goes back to Justice Breyer's point, you know, most of these claims, they're small claims, they typically are better situated in a State's small claims court, and yet here Congress says, well, the State doesn't have to entertain these, in which case they could only be brought in Federal court. Nelson Well, it's not clear that it means, you know, how much freedom it gives them not to entertain them. It may, and again, you know, that's an issue that the State supreme courts are divided on, although it's a theoretical division at this point, because no State has actually precluded these claims at this stage. But, you know, I think that especially read against the backdrop of the general principle that while States can't discriminate against Federal rights of action, they're also not required to create courts that have jurisdiction over them, that what this statute was intended to do was recognize the flexibility that the courts would have to define which courts and under which procedures it would entertain these actions. Alito Well, if the State thought that its courts were just being overwhelmed by these cases, even the small claims courts, there were so many of them, would they be permitted to bar them completely? Nelson That's a possible reading of the statute, Justice Alito. That's what the Texas supreme court has held. In fact, the Texas supreme court has held that the State has to affirmatively authorize them. Other State supreme courts have said that what it means by if otherwise permitted is if there's a court of general jurisdiction that hears cases like this and we haven't  said we don't even have the power to exclude them, but I, you know, that is one of the readings of the statute. But what's clear is that the if otherwise permitted does mean something. It provides a statutory standard for when the action may be brought in a State court, which is a matter of — it's certainly not superfluous. Roberts Well, is it just when the action can be brought in State court or when the action can be brought at all? It says you may bring an action, and that's what I understood your basis for the Federal cause of action to be, if it's permitted by the law or rules of that — of a court of that State. Nelson Well, I think what it says, it may bring an action in the courts of that State if otherwise permitted. And I think if you think about what the — what reason Congress would have to put if otherwise permitted by State laws or rules of court, it's very unlikely that it would use that phrase to denote when you have a right of action in Federal court as opposed to which State court you would go to. I'm sorry. Roberts So it could — could an individual — you say there's a Federal cause of action in this case apart from the State cause of action that's provided. Could that Federal cause of action be brought in State court even though the State cause of action could not be? Nelson Mr. Chief Justice, with all due respect, I don't think that this statute creates a, quote, State cause of action. It creates a Federal cause of action that may be brought in both State and Federal court. Roberts Got it, got it. But just to follow up, the cause of action can be brought in both, except if the State court say it can't be brought there. The State cause of action can't be brought in State court because of this if otherwise permitted, right? The Federal cause of action, though, I thought the State courts couldn't discriminate against the Federal cause of action, any Federal cause of action. So you can sue in State court and say I'm bringing my Federal cause of action, so the fact that you don't permit a State cause of action doesn't bar me. Nelson Again, I think that the premise of the question is really not correct. This statute does not create a Federal cause of action.  But it arises under Federal law, and the substantive law that governs is not State law. Roberts Exactly right, Justice Ginsburg. Roberts That's fine. That may be exactly right. But the cause of action under subsection 3 asks whether or not this action, it provides an action that can be brought in State court if otherwise permitted, right? Nelson It provides an action, says that that action may be brought in State court if otherwise permitted. That is the creation of a Federal right of action over which State courts have jurisdiction if their laws otherwise allow. It's not the creation of two causes of action, one State and one Federal. And that's why the if otherwise permitted may give the States some leeway, maybe more than they would have under test of ECAT to exclude them, but it doesn't actually affect the availability of the action in Federal court. Although even if it did, Chief Justice Roberts, in this case, there has been no dispute that this action is otherwise permitted by Florida laws. Roberts What about a diversity action? You could not bring this action in State court because it's contrary to the law, the rules of the court of that State. But there's diversity. Can you bring that diversity action in Federal court? Nelson Well, there's a split in the circuits over that question at this point. But my answer is yes. Because it's a Federal cause of action governed by substantive Federal law, as the Second Circuit's opinion in Gottlieb held. The implication of that is if there's any basis for jurisdiction, whether diversity or Federal question, you have the right of action in Federal court. And it's not contingent on whether State law allows the right of action. Scalia Well, how is that? I mean, the description of the right of action is that it exists only if permitted by the laws or rules of court of a State. Nelson I think, again, Justice Scalia, that's a description of the conditions under which it may be brought in State court. It's not the case of the State court. Scalia What is a description of the cause of action, then? Nelson The description of the cause of action is that if the statute is violated, Scalia Where is it in the statute? I mean, I'm reading the section that says under protection of subscriber privacy rights, subsection 5 is entitled private right of action. And the only right of action it describes is that a person who has received more than one telephone call, blah, blah, blah, may, if otherwise permitted by the laws or rules of the court of a State, bring in an appropriate court of that State action. Now, even if you say that that cause of action is bringable in Federal court, why wouldn't it be still governed by the laws of a State? Nelson Well, it goes to the question, again, and back to my answer to Chief Justice Roberts, of what you consider, if otherwise available, to modify. And to me, I think the most natural reading is that it modifies may bring in State court, because that is the only thing that it makes sense to have State rules of court of that. Scalia Then where is the creation of a private right of action bringable in Federal court, apart from State laws? Where does that exist in this statute? I don't see it. Nelson In the section as a whole, I think you're looking at C-5. B-3 is the one that's actually at issue here, but its phrasing is the same. It's a 10A in the blue brief. And the act that the statute as a whole creates an entitlement to bring an action that yields certain recoveries. And, you know, this Court has never looked at statutory provisions that create rights of action and say they may be brought in particular courts. It hasn't read the reference to may be brought in the courts as limiting the right of action. In Taflin, for example, the RICO statute says you may bring an action in Federal court to recover damages for a violation of that statute. Roberts So do you know why the Solicitor General is not here defending the proposition that Federal law provides a Federal cause of action that can be brought in Federal court? Nelson No, I don't know why. They don't tell you when they're not filing a brief their reasons why, Mr. Chief Justice. I think Ginsburg Is it because the FCC once took a position that the action was limited to State courts? Nelson No, the FCC has never taken the position that it's limited to State courts. They have, in a number of things that they have written about the statute, said in the words of the statute that an action may be filed in State court. They have never stated, one way or another, a position on the question of whether it may be filed in Federal court. In the Charvat case, they did file an amicus brief in the Sixth Circuit, taking the position that the right of action created by the statute is, in all respects, governed by substantive Federal law. They didn't say anything, one way or another, about whether the Sixth Circuit actually had jurisdiction. It would seem kind of odd if they took the view that it didn't, that they wouldn't have mentioned it. But that would not be the case. Kennedy Would you clarify one point for me? You indicated that no State has said that you cannot bring the action, and yet, then you said, but Texas said it has to be specifically authorized. Did the legislature of Texas specifically authorize it? Or don't let me misstate what you said. Gershengorn It's the Texas legislature has enacted statutes that says a plaintiff may go to court and bring an action under the TCPA in those, in so many words, in addition to whatever right of action it may have under Texas law. If there are no further questions, I'll reserve the remainder of my time for rebuttal. Roberts Thank you, Mr. Nelson. Mr. Garre? Garre Thank you, Mr. Chief Justice, and may it please the Court. Whether this Court concludes that a 12b-1 or a 12b-6 label is the better fit, it should hold that Congress did not intend for private TCPA claims to be brought in Federal court under 28 U.S.C. 1331. The private right of action that Congress expressed is distinct in three different and meaningful ways. And if you look at the right of action, which is on page 133. Kagan Mr. Garre, you don't contest the background rule, do you, which is that when Congress creates a cause of action, there is Federal question jurisdiction, unless Congress does something to divest the Federal courts of that jurisdiction. Garre We don't. And we haven't contested that the action here arises under Federal law. But what you've got is the question of the interplay between two statutes, 1331 and the private right of action here. In the same way the Court has dealt with the interaction between section 1983 and other private rights of actions. For example, the city of Rancho Palos Verdes v. Abram case. And in that context, the Court hasn't said, oh, if it's covered by 1983, of course you've got to bring it under, you can bring it under 1983, unless Congress is unmistakably clear that you can't. Kagan But if you say, if you don't contest the background principle, then the question is whether Congress has clearly enough divested the Federal courts of jurisdiction over this case, essentially by giving jurisdiction to the State courts. And we've had a number of cases going the other way that suggest that you don't divest one court of jurisdiction by giving jurisdiction explicitly to another court. And the question here is, why is this any different? And has Congress, by granting jurisdiction to one court, spoken with the kind of clarity needed to divest the Federal courts of their preexisting jurisdiction? In all of those cases dealt with the constitutional presumption of concurrent State court jurisdiction. And of course, where the question is whether the Constitution has been displaced, this Court has required Congress to speak with unmistakable clarity. This case is the first case where this Court is confronted with the question of whether there's any similar presumption going the other way. There's no constitutional foundation for that presumption. It's just the interplay between statutes. And for that reason, we think the section 1983 paradigm is more appropriate. Kagan.  Kagan. But nobody ever said that Federal question jurisdiction as granted by 1331 is some kind of junior sister when it comes to jurisdiction, is some kind of weaker jurisdictional default provision. I mean, once Congress has granted Federal question jurisdiction by 1331, that's the background rule. The Federal courts have jurisdiction, in the same way that the background rule is that the State courts have jurisdiction. Well, no. The background rule, right, there's a background rule provided by a statute, which Congress can displace by a later enacted, more specific statute, and then there's a background rule provided by the Constitution. And our position is, is that usually when the Court talks about Congress displacing, disrupting the traditional balance of powers protected by the Constitution, it does require Congress to speak with unmistakable clarity. It doesn't apply that kind of presumption when you're talking about an earlier, more general statute and a later, more specific statute. In fact, in that situation, the Court's general rule is that the later, more specific statute trumps the earlier, more general one, and I don't think there's any reason to carve 1331 out as venerable as that is. Ginsburg. Ginsburg. Do you have any example other than this statute, which is odd, is there any other example of a claim that arises under Federal law, as this does under Federal statute, the substantive law is Federal, that one may not bring in State court? I can't cite you another example. The Shoshone case was another anomaly. It's a little bit different. But I think you — I think the Court should give credit to what Congress did here. And if you look at the right of action, it's distinct in three different ways. First, Congress only spoke of bringing suits in State courts. Petitioner hasn't identified another Federal cause of action where Congress has done that. Second, Congress modified the entire right of action based on an otherwise permitted by the laws or rules of the court of the State. Under the rules of grammar, there's no question that that clause modifies the may, not anything else that follows in the statute. And the third way it's distinct, Justice Ginsburg, is that Congress spoke of the limitations on State courts and State laws before it even expressed the violation. In the typical way that Congress expresses a private right of action, and I've looked at a lot of them in the last few days, Congress talks about the violation and then at times provides as a descriptive matter where it could be brought. Here, in the first — Ginsburg. Is the law any different, the violation in the governing law any different than if the Attorney General had brought suit or if the FCC sought to enforce this law? I mean, the substance of the law, whoever sues the Attorney General, the FCC, the Federal law that governs is the same, isn't it? Well, I think there's separate provisions that allow the State attorneys general to go into Federal court and the FCC has its own enforcement authority. They aren't conditioned by this limitation. We're talking about this private right of action. But I'm talking about the claim of the violation, the wrongful conduct. Is it the same whether the Attorney General is suing, whether the FCC is enforcing? I think the basic elements of the cause of action are going to be the same. But State law can limit the availability of that cause of action, the ability to bring it in a court. And under, for example, by a class action rule or just saying you can't bring those claims at all or statute of limitations, Petitioner's view is that a plaintiff can circumvent those limitations altogether, authorized by Congress in the most important clause of this private right of action, simply go into Federal court and be gone with those limitations. Sotomayor, what's the logic of your position? Congress does a whole study about how these harassing calls and e-mails and other things are to citizens. And all of a sudden it's going to limit the rights of those citizens to recover under the Act to those States that are going to say, okay, why even bother passing a Federal law if it was going to give States the option to protect against this kind of conduct alone? It created a public Federal right. Congress all the time creates Federal legal protections. Generally it does. You've just admitted it. You've just admitted to Justice Ginsburg, nowhere else has it created a Federal right with a private clause of action in which it's limiting the protections of the Federal law to those States that decide they want to do it, too. I mean, generally Congress creates a Federal right because they don't think the States are doing enough. And there's no question that they would have a Federal right. And of course this private right of action is distinct. My point is only it's not unusual for Congress to create a Federal right and not provide a private right of action. For example, under the provision in Gonzaga v. Doe. Sotomayor, Unquestionably, but it is unusual for them to create a Federal right with a clause of action and then limit its application to those States that say it's okay. I go back to my question. Why not simply say to the States, please do something about this? I think that I would point you to the statutory findings, and if you thought it appropriate, look at Senator Holland's statement as well. And the reason why it makes sense is Congress is dealing with a situation that when it acted, the vast majority of States had passed laws to allow consumers to deal with this problem at the State level. They identified this interstitial void that Your Honor spoke about in your opinion on the Second Circuit, and Congress acted to close that enforcement loophole to authorize States to allow consumers to go after interstate clauses. Ginsburg, was it really a loophole? What would — I mean, if conduct is — if the telemorphists are calling from out-of-State, but the impact is in the State, the person who is being called, it seems to me that there certainly would be jurisdiction over the out-of-State tort visa who is doing something out-of-State that has its impact, that targets the State and has its impact. I've struggled with that, too, Justice Ginsburg, but the one thing I can say is that the Statutory findings reproduced in the addendum here, and Congress, you would presume, acted to fill the gap that it saw. And it did this by keeping it at the State level, keeping in mind that we're talking about something with an enormous potential for volumes of claim. Breyer, on your side, it's hard and it's an unusual statute, but the — certainly, and I agree with you, that the language of the statute suggesting a kind of reverse preemption, something like that, and certainly Senator Holling's comment, and certainly the fact that they specifically provide for an attorney general to bring an action in State court, suggests that they wanted the smaller private actions in State court — I mean in Federal court, in State court. That favors you. All right. But then I thought, as you're speaking, what about diversity jurisdiction? And I don't see why there wouldn't be diversity jurisdiction in terms of trying to get these out-of-State people. And if there's diversity jurisdiction, why in heaven's name would they want to say that there is no arising under jurisdiction? So I'm pushed the other way by that. So what do you think? What do you think? Well, ultimately, all of the Federal circuits that have grappled with this problem have concluded that recognizing diversity jurisdiction isn't fundamentally incompatible with saying there's no Federal question jurisdiction. For a couple of reasons. Breyer, you were sitting in Congress, and somebody did tell you, Senator Hollings apparently never thought of this. But you say to Senator Hollings, Senator, there will be diversity jurisdiction here, and he, when he thinks about it, says, hey, great, that's wonderful, because these people are all in State A and they're phony people in State B. Now, if that was his reaction, then someone would say, what about arising under jurisdiction? And what I'm thinking is, if I imaginatively put myself in his position, I think, why not? For two reasons, Justice Breyer. What? The first is amount in controversy. Diversity has an amount in controversy requirement of $75,000, which makes it more likely where a plaintiff has that, it would be in a situation with it where it would incur the cost of an attorney and other expenses to go into Federal court. Federal question has no amount in controversy after 1986. Breyer, so it's a flooding the courts problem. Exactly. And the amount in controversy checks that. The second reason is that to the extent that Congress created this unique Federal right and intended it to behave like State laws, as Judge Calabresi described it on the Second Circuit, then it's more natural to think of diversity jurisdiction allowing the Federal courts to entertain what is in effect a State cause of action than it would be for Federal question jurisdiction where you have the anomalous situation of someone going into Federal court and saying, I'm not bound by these State law limitations, for example, the limitation on the class action, because I can bring this Federal private right of action under Federal question for $500 or whatever it is. How about supplemental jurisdiction, which doesn't have an amount in controversy? We would put that in the same category of diversity, which is to say, I mean, ultimately I think particularly if you look at this as the private right of action, Congress did not express a private right of action for someone to go into Federal court here. If this Court looked at it through the lens of its private right of action jurisprudence, the Court would say, I would think you did not confer a private right of action to go into Federal court in the unique way that you expressed it here. If the question was, if this private right of action said you can sue an in-State company, and a plaintiff came here saying, well, it says in-State, but they didn't say you can't sue an out-of-State, this Court would say, no, Congress said in-State, that's the private right of action agreement. Ginsburg-Miller, Congress also, it made for attorney general suits, it said, and Federal court jurisdiction is exclusive. So it's given Federal court exclusive jurisdiction to adjudicate this claim, because the claim, as you, I think, as you recognize, is the same whether it's brought by the FCC, the attorney general private. So it used the word exclusive there, but it said nothing in this private right of action about the State courts being exclusive. And I think on that, I mean, first, it makes sense that they would authorize Federal jurisdiction for the State attorney general's actions because they authorized the FCC to intervene there. It also makes sense that they said exclusive there, because there they were dealing with the constitutional presumption that State courts have concurrent jurisdiction unless Congress affirmatively says they don't. This Court had decided Taflin a year earlier, and so to give Congress its due, it would make sense, if you presume they're aware of this Court's decisions, that it would say exclusive there, the constitutional presumption. Alito, you seem to be arguing for a three-tier standard for displacing jurisdiction. So if Congress wants to make a Federal claim cognizable only in Federal court, it has to be very, very clear. If it wants to displace diversity jurisdiction, it doesn't have to be that clear. But maybe it has to be certain — clear to a certain degree. If it wants to displace Federal question jurisdiction, it doesn't have to be nearly as clear. We're not. We're certainly not arguing for a distinction between diversity and Federal question. And ultimately, if pushed, we would take the position that because Congress was clear it wasn't authorizing suit in Federal court, we think diversity should go, too. My response to Justice Breyer was that it's a closer call because of the amount of controversy and the extent to which Congress created a right. Scalia. When there is suit in Federal court, let's say these attorney general suits, what are the suit — what is the suit governed by? Is it governed by State law? I think it would be governed by Federal law. I think to the extent there's a — Well, I mean, Federal law mirroring State law? No, because the public right of action isn't conditioned the same way the private right of action is. And it's the authority to enforce, right? If you look at the public right of action, it's not — Civil action is brought under the subsection. Right. The public right of action isn't brought under B-3, which is the private right of action. And the anomalies arise when you think of allowing these claims in Federal court. So you have a different law applied if — and the State law limitations don't apply if it's a suit in Federal court by an attorney general? The State law limitations apply to the private right of action. The Congress didn't say, here's the Federal law. It's so weird. I can't understand that. But, Your Honor, it's only weird if you say they can bring the private right of action in Federal court. If you say that Congress meant these to be limited to State court, it makes perfect sense. Congress was making clear, States, you have authority to address this problem. You can address it under your own law and rules of court. Kagan. I think, Mr. Garre, what Justice Ginsburg and Justice Alito were suggesting is that this is a momentous thing for Congress to do, to deprive the Federal courts of jurisdiction over a cause of action that's been created by Congress and a cause of action that has Federal law as the rule of decision. The usual presumption is that, of course, Federal courts have jurisdiction over those matters under Section 1331. And this is one peculiar way of divesting those Federal courts of jurisdiction. Obviously, Congress knew how to write an exclusive jurisdiction statute. It didn't here. So why should we give Congress the benefit of the doubt and sort of say, well, Congress must have had something else in mind, even though Congress didn't articulate that? Garre, And if Congress has to say exclusive, then we lose. I'm not arguing otherwise. But I think our position is, is what Congress did here was unmistakably different in clearing up. And the flip side of what you have just said is to say that Congress meant nothing when it went out of its way to create what all agree is this extraordinarily unique byte of action. Kagan Well, I don't think that's right, because this is not superfluous. Because of that provision that, you know, the Testa provision, which says that State courts don't have to entertain this cause of action. So in the usual case, State courts would have to entertain this cause of action. Here Congress is saying, no, if they feel as though that will deluge State courts, they have an out. Phillips And if Congress had intended that, Your Honor, I think the more natural way for it to have said it would have been something like in an action brought in the State court, it may be limited by the laws and rules of that court. Here Congress cabined the entire right of action, may, comma, subordinate clause, which modifies the may. And there's just, in any other case, I think, Your Honor, the Court would read the if otherwise permitted clause as modifying the may and therefore the entire right of action. Scalia Can Congress create a Federal can Congress, in effect, delegate to the States the contours of a Federal cause of action? I mean, you keep talking about it as a Federal cause of action. But it's not really, if its existence or nonexistence depends upon State law, or at least it depends upon State law, you say, if it's brought in State courts. However, if it's brought in Federal court by the Attorney General, you have a totally different law applying, a Federal law. In the Shoshone case, Congress created a right of action whose content was supplied by State law. So the Shoshone mining case, it's cited in our brief. Kagan But that's not this case. No one thinks that's this case. Scalia No, we're not saying that this case is on force with that case. But I think it's an example where State law would fill the content of the Federal  Breyer Why wouldn't the problem that Justice Scalia just identified, or we were talking about, suggest, actually favor their side, that that inconformity with State law is talking about procedure? I mean, imagine that State law has a 2-year limitation period, or a 1-year. You see, I don't know what the limitation period is here. It may be longer. And so what happens is where you go into the Attorney General brings the action. You're going to say it's 4 years, but if it's in a State court and a private person it would be 1 year. That doesn't seem to make sense. It then seems to make sense if you interpret that provision as saying what court you can go into in the State. If the State permits you to go to the superior court or the small claims court or the other, in other words, procedural rules. If Congress didn't just say procedure, it said laws or rules of the State. It did, but how do you get out of the mess, then? What happens when the State Attorney General brings an action in a Federal court as he is permitted to do? What statute of limitation or substantive rule do you apply? It would be the general 4-year Federal statute of limitations. I mean, the way you do it is that's not really odd, because we are then going to get different statutes of limitations depending upon whether a State Attorney General or an individual. But it's not odd if you give effect to the language of B-3, which in a sense says we are going to leave this up to the States. Congress contemplated through this language that there could be 50 different rules about how private TCPA claims would be brought in State court. I think that's undisputed. The question is whether or not plaintiffs can just say I want out of that and go into Federal court, and conversely whether a defendant can remove any claim brought in State court in Federal court. Roberts I'm having trouble, Mr. Garre, figuring out what exactly is at issue here. It seems to me that there are two possible views on it. First is, is there Federal jurisdiction over one of these actions? The second of all is, is there a private right of action apart from the one that can be brought under subsection B-3, which is one in State court? Now, which are we supposed to decide? I can see the Federal question jurisdiction issue being straightforward. Federal law creates this cause of action. Therefore, you can say that it is under 1331, this jurisdiction. But then you can't do anything once you're in Federal court because the private right of action is limited to State court. Garre, and our position is ultimately both are at issue. Certainly the focus of this case has been on the jurisdictional question, which is the 12b-1. But if the Court thinks that there is Federal jurisdiction, then it should say the cause of action fails under 12b-6 because both arguments are based on the same exact statutory language. This Court has recognized, for example, in the Merodau Pharmaceuticals case that the availability of a private right of action intersects with jurisdiction. The Court recognized the same point in the National Passengers Association case 414 U.S. 453.  But let me go back to the this claim, unlike the Shoshan mining, this claim arises under Federal law. There's no question about that. We don't dispute that. Okay. So it's Federal law creates the cause of action, and when Federal law creates the cause of action, the rule has always been this 1331 jurisdiction. Unless a later enacted statute precludes that rule. And here, the later enacted statute doesn't limit. Ginsburg. But the later enacted statute doesn't say that Federal law no longer creates the cause of action. The later enacted statute creates the cause of action. Federal 1331 doesn't create a cause of action. It's jurisdictional only. They need to have a cause of action. You have jurisdiction when Federal law creates a cause of action. Unless it's been displaced by a later enacted provision. And I think that's what we're trying to do. And, Mr. Garre, do you have any examples of that, places where we've said Congress has divested the Court of Federal Question Jurisdiction, and by what means? Garre, I don't have an example on 1331. I do have Section 1983, which I think is a perfect parallel, because there you've got a venerable general provision, Section 1983, which is actually older than 1331. And the question comes along from time to time whether a later enacted Federal right can be enforced through 1983. And the Court in that context says, although we generally presume that you can go through 1983, if there's a later enacted specific enforcement mechanism, we give the facts that you can't. And how specific does it have to be? I mean, how vague are we willing to go here and say, okay, Congress has done a good enough job because somehow we have some idea that they wanted these cases to end up in small claims court? I think if you look at the city of Rancho Verde's case, which I would encourage you to look at, I think it doesn't have to be nearly as specific as my friend is claiming. I think you look at the all-signed posts of congressional intent. Here you've got the language, which is unmistakably distinctive, the State law, State court focused. You've got a structure of an act where Congress, when it wants concurrent jurisdiction or Federal jurisdiction, it says so, it provides the rules for venue and whatnot. You've got legislative statutory findings indicating that Congress both was aware of the vast volumes of calls which would create potential claims, wanting to address a particular problem of an enforcement gap at the State level. And then if you choose to look at it, you've got the legislative history of the sponsor of this very unusual provision. Ginsburg. When Congress creates a Federal claim, it usually doesn't – I mean, the assumption is that it's going to be concurrent jurisdiction. Yes. And we're not – I mean, the question is whether or not that assumption should be displaced here. And we're saying that Congress's expressions of intent displace it here. And again, I think if Petitioner – Can we go back to your 1983 example, because I was thinking about that and said, well, the later specific statute is another Federal statute. Congress has another Federal statute that makes the more general 1983 not available, because you have the more specific Federal statute. And I think that's why the parallel seems apt to us here. Instead of dealing with Congress displacing case State court jurisdiction with constitutional presumption, you have an earlier enacted Federal statute, 1331, and the later enacted Federal statute, the TCPA private right of action here. Yeah, but the difference is that the 1983 cases don't deal with what this deals with, which is displacement of the jurisdiction of Federal courts. And we are jealous of our jurisdiction, not only in the constitutional cases that you refer to, but in all cases. And I had thought that the general rule that you have to be clear when you take cases out of the Federal courts, I thought that that applies not just where you're dealing with the constitutional jurisdiction, but also where you're dealing with already conferred statutory jurisdiction. And why shouldn't I apply that presumption? But I think this Court has a more generous attitude towards section 1983. And I think, in your opinion, in the Ranchos Palos Verdes case, you spoke of a rebuttable presumption that Congress doesn't mean to displace section 1983, but yet you found it there because of a specific enforcement mechanism. I think the enforcement mechanism here is much more specific and meaningful than even the one in the Ranchos Palos Verdes case. Scalia, it didn't deal with the jurisdiction of Federal courts. That's what gets our hackles up. It did not. When you're telling us that we've been ousted of jurisdiction. It did not. You don't like that. Roberts, counsel, we've been talking about where this provision fits, basically, into our general jurisprudence in this area. But I've never seen a statute remotely like this before. Is there anyone? Where you have a Federal or you have Congress creating a cause of action that can be brought in State courts, unless the State court says it can't, saying nothing at all about whether there's a Federal cause of action. This is the strangest statute I've ever seen. We totally agree, but I think the important point from our perspective is either Congress meant what it said and this Court should give effect to what it said in this very distinct and unusual way, or it's rendered, you know, largely meaningless, except in the most generalized sense. Because if Petitioner is right, you can bring a claim in State or Federal court. The claim that you bring in Federal court is in no way limited by the laws or rules of a State court. And all of the stuff that Congress said about the State courts and the State law-focused language at the very beginning of its cause of action is meaningless, because Congress didn't have to say any of this to authorize people to go into State court under concurrent jurisdiction conferred by the Constitution. And our position is, is that this Court should give effect to the words and the private right of action, distinct as it is, that Congress created and hold that Congress did not intend for plaintiffs to be able to bring to circumvent these limitations by going into Federal court under 1331. Sotomayor, could you tell me why you seem to be taking somewhat contradictory positions? You seem to be conceding that this is not a Federal subject matter jurisdiction issue, but the scope of the cause of action that was created. The judgment was on the basis of lack of Federal subject matter jurisdiction. Aren't you trying to alter the judgment? And didn't you need to cross-petition to do that? Well, I probably wasn't clear enough, Justice Sotomayor. Our position is that ultimately there is no Federal question jurisdiction, that although it arises under 1331, the specific provision here was never intended to be enforced through 1331 and instead was only authorized in State jurisdiction. So you're saying that a State could, if it chose, say, we're only going to award actual damages, not the $500 statutory. No, I don't think the State could actually alter what Congress said. It can alter, as Congress said, the ability to bring a right of action. Now, I do think this Court could affirm. But it can. It could choose not to enforce that Federal right of action. And in that case, a private citizen would go to a State attorney general and say, bring this action on my behalf, or go to the FCC and say, bring an enforcement action, there are public rights, public ways to enforce that. Just to be clear, we think this Court could affirm on the alternative ground of 12b-6 that there is Federal question jurisdiction, but this private right of action doesn't confer a right to go into Federal court. My friend has said that that position has been waived under 12h of the Federal Rules of Civil Procedure. We haven't waived 12b-6. We just haven't asserted yet. It's clear that Federal courts can convert 12b-1 motions into 12b-6 motions, and there would be no reason for this Court to remand simply for us to assert a 12b-6, put a 12b-6 label on the same position that we would be back before the courts arguing, transforming judicial review into something close to a pink page. Alitoso, wouldn't that be the oddest creature that's ever been seen, a cause of action created by Congress that is not a claim arising under Federal law? That's what you'd be saying. No. It would be a claim arising under Federal law without a private right to bring it in Federal court. And it would be odd, Your Honor, in our position, we agree with our friends, that this is an odd statutory provision. We ask this Court to give effect to its language, which both sides agree is odd, but we think points to the conclusion that Congress meant for these claims to be brought in State court and not in Federal court under Federal question jurisdiction. But I guess that's the question, Mr. Garre. If both sides agree it's odd and all nine Justices agree it's odd, I mean, I think we can say the statute is odd, and the question is where do we go from there and where, you know, what's the default position? If it's odd and we can't figure it out, the default position seems to be Federal courts have jurisdiction over Federal questions. But I think that that deprives you of the right to bring it in State court, but I guess there are several different ways here. I think it gets to a point where you just can't presume that Congress didn't mean the impact of its words here, so we would urge this Court to give effect to them. Thank you, counsel. Mr. Nelson, you have 4 minutes remaining. I want to start where Justice Kagan left off, which is the presumption of the existence of Federal jurisdiction unless Congress affirmatively displaces it. My friend suggested that that may not apply or may not apply as strongly when we're talking about Federal statutory jurisdiction and specifically 1331, but this Court's decision in Colorado River, cited in our reply brief, says exactly the opposite, that a subsequent, more specific Federal statute does not displace the general grant of Federal jurisdiction under 1331, absent some clearer indication than the mere existence of an optional State court jurisdiction over the claim. As to the oddness of the statute, a point on which we all seem to now agree, the point I would make there is I think that Respondent's position makes this statute even odder, because it suggests that somehow may means it may only be brought in Federal court, yet it doesn't mean it may only be brought in Federal court if there's a diversity or 1367. But as Judge Easterbrook said in Brill, if may really means may only, then it wipes out diversity and 1367 as well. Roberts. Are you arguing only about the rising underjurisdiction or are you arguing also about the Federal cause of action that can be brought in Federal court? In other words, I'm trying to figure out what we're being asked to decide in this odd case. I understand the idea, and I'm sorry to take up your time, I understand the idea that this is a Federal question because it's created by a Federal law. Can you go get into Federal court and then we'll have another case about whether you can bring a cause of action there? Well, I certainly hope not, Your Honor. I mean, I think if you look at what the question presented is and what the judgment below is, it's a question of subject matter jurisdiction, 12b1 dismissal, and a question presented as to the existence of 1331. But, you know, our point is not to get people into Federal court so that they can be told that they have no right of action. And the answer to that point is that the reference to State courts in the provision is not a limitation on the right to recovery. Congress often actually creates rights of action that refer to a particular court. It's the Federal court in every case but this one. But as in RICO, as in the Carmack Amendment that was the subject of the 1912 case of Galveston, Harrisburg, and San Antonio Railway cited in our briefs, where the Carmack Amendment said that persons damaged might make complaint in any circuit or district court of the United States. And the Communications Act provisions that we cite on page 10 of our reply say people have certain rights to recover and they may bring them in Federal court. But those references to the courts have never been considered to be a limit on the right of action. Creating the ability to go into a court and obtain a recovery creates a right of action and it's transitory. It can be brought in any court of competent jurisdiction and the reference in the statute to a court that has jurisdiction over it does not mean that the cause of action somehow does not exist outside of that court. The cause of action exists and the question is whether there's a jurisdictional basis. And that's practically at this point I think been conceded that this statute arises under Federal law. And there's really no indication whatsoever that merely by saying may be brought in State court that Congress intended to displace Federal jurisdiction or to create a right of action that uniquely among Federal rights of action is only available in State court. Now, it's true may or if otherwise permitted, as my friend said, modifies may, but it doesn't just modify may in isolation. It's may what? May, if otherwise permitted, bring an action in State court. So the if otherwise permitted modifies the conditions on which the action may be brought in State court. But it really makes no sense whatsoever to import State court rules into whether the action is available in a Federal court. Except that that's the only section that creates a private right of action. That's right. The private right of action is created, but the private right of action is not contingent on that if. It's the ability to bring it in State court. Roberts. Thank you, counsel. Counsel. The case is submitted.